

THOMAS J. CATLIOTA
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
### at GREENBELT

| | | |
|---|---|---|
| In Re: | | |
| Toni Anderson | Case No. | 12-28793-TJC |
| Debtor | Chapter | 7 |
| Toni Anderson, | | |
| Plaintiff | | |
| vs. | Adversary No. | 13-00085 |
| U.S. Bank National Association as Trustee for J.P. Morgan Mortgage Acquisition Trust - 2006-WMC Jane Doe 1-12 John Doe 1-12, | | |
| Defendants | | |

## ORDER DISMISSING ADVERSARY PROCEEDING

The Debtor, Toni Anderson, filed this adversary proceeding seeking to have the Court determine that the Defendant does not have a valid claim in the Debtor's Chapter 7 bankruptcy case (12-28793). (Docket No. 1). The Court will dismiss the adversary proceeding for the reasons herein.

The Debtor filed her Chapter 7 petition on October 16, 2012.  On October 18, 2012, a notice was issued informing creditors not to file a proof of claim as "there does not appear to be any property available to pay creditors."  (Docket No. 6).  The chapter 7 trustee filed his Report of No Distribution Report on February 4, 2013.  Accordingly, no proofs of claims are to be filed in this case as there are no assets to administer and no distribution will be made.  No objections to the debtor's discharge have been filed and no complaints have been filed seeking to determine the dischargeability of any debt.  The deadline for filing such actions expired on January 14, 2013.

On February 5, 2013, the debtor filed the subject adversary complaint against U.S. Bank National Association as Trustee for J.P. Morgan Acquisition Trust 2006-WMC2 (the "Trust"). In the complaint the debtor seeks a determination that the Trust has no claim against her and cannot enforce any claim against her, asks that the Trust be required to reconvey her property to her, and seeks a return of all money she paid to the Trust. The debtor filed the complaint without aid of counsel.

To the extent the complaint seeks a determination that the Trust holds no claim against the debtor, it will be dismissed as moot.  Any debt held by the Trust against the debtor will be discharged, and the discharge injunction of 11 U.S.C. § 524(a)(2) permanently bars personal actions against the debtor for discharged debts.

The Court will also dismiss the complaint to the extent it seeks a determination of the Trust's interest in the debtor's property or a recovery of any property.  While the case is pending, any such claims are within the control and administration of the chapter 7 trustee, and the debtor has no standing to pursue such claims. Upon the filing by the trustee of the Report of No Distribution and the closing of the case, any property listed on the debtor's schedules that is not

administered by the trustee is abandoned to the debtor under 11 U.S.C. §554(c). Thus, the debtor would be free to pursue any abandoned claim in her own name, and the Court would lack jurisdiction to resolve it since the resolution of the claim would have no conceivable effect on the bankruptcy estate. *See* 28 U.S.C. §1334(b).

Therefore, it is, by the United States Bankruptcy Court of the District of Maryland,

ORDERED, that the Adversary Proceeding is dismissed without prejudice.

Cc: Debtor
 Trustee-
 United States Trustee

**END OF ORDER**